UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BERNARD DUBLANSKI, individually and on behalf of all other persons similarly situated,

                            Plaintiff,

    - against -

QUALITY INSTALLATIONS OF NY, INC., EAST COAST FURNITURE CORP., ANTONI PERCICKI, DANIEL PERCICKI, MAREK BABULA and ARISTIDIS ZAHAROPOULOS,

                            Defendants.

-----------------------------------------------------------------X

Case No.:

**COMPLAINT**

CLASS / COLLECTIVE ACTION

JURY TRIAL DEMANDE

Plaintiff, BERNARD DUBLANSKI ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through his attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendants, QUALITY INSTALLATIONS OF NY, INC., EAST COAST FURNITURE CORP. ("Corporate Defendants"), ANTONI PERCICKI, DANIEL PERCICKI and ARISTIDIS ZAHAROPOULOS ("Individual Defendants" and collectively "Defendants"), alleges as follows:

## **NATURE OF THE ACTION**

1.     Plaintiff on behalf of himself and on behalf of all others similarly situated brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

2.      Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendants into violating the employee contract between the Corporate Defendants and the Plaintiff and others similarly situated of wages they rightfully earned working for the Corporate Defendants.

3.      Plaintiff and others similarly situated employees were employed by the Corporate Defendants but were not compensated in full.

## PARTIES

4.      Plaintiff BERNARD DUBLANSKI is a citizen of New York with an address of 1074 Lorimer Street, Apt. 4R, Brooklyn, NY 11222. He was employed by the corporate Defendants from approximately February 2016 through May 2018.

5.      At all times relevant herein, the Corporate Defendant QUALITY INSTALLATIONS OF NY, INC. ("QUALITY INSTALLATIONS" or "Corporate Defendant") was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 5844 Maurice Ave, Maspeth, New York 11378.

6.      At all times relevant herein, the Corporate Defendant EAST COAST FURNITURE CORP. ("EAST COAST FURNITURE" or "Corporate Defendant") was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 58-77 57th Street, Maspeth, New York 11378.

7.      The Individual Defendants were the employees of the Corporate Defendants and served in the following capacities:

a. ANTONI PERCICKI all relevant times was and is the Chief Executive Officer of the Corporate Defendant QUALITY INSTALLATIONS and ultimately charged with payment of wages to Plaintiff and others similarly situated;

b. DANIEL PERCICKI at all relevant times was and is a supervisor and manager of the Corporate Defendant QUALITY INSTALLATIONS and was charged with payment of wages to Plaintiff and others similarly situated;

c. MAREK BABULA at all relevant times was and is a supervisor and manager of the Corporate Defendant QUALITY INSTALLATIONS and was charged with payment of wages to Plaintiff and others similarly situated; and

d. ARISTIDIS ZAHAROPOULOS at all relevant times was and is the Chief Executive Officer of the Corporate Defendant EAST COAST FURNITURE and ultimately charged with payment of wages to Plaintiff and others similarly situated.

8. The individual Defendant ANTONI PERCICKI maintains an address c/o QUALITY INSTALLATIONS OF NY, INC. at 5844 Maurice Ave, Maspeth, New York 11378

9. The individual Defendant DANIEL PERCICKI maintains an address c/o QUALITY INSTALLATIONS OF NY, INC. at 5844 Maurice Ave, Maspeth, New York 11378.

10. The individual Defendant MAREK BABULA maintains an address c/o QUALITY INSTALLATIONS OF NY, INC. at 5844 Maurice Ave, Maspeth, New York 11378.

11. The individual Defendant ARISTIDIS ZAHAROPOULOS maintains an address at 58-77 57th Street, Maspeth, New York 11378.

12. The Individual Defendants were officers, managers or directors of the Corporate Defendants responsible for supervising Plaintiff and others similarly situated and hiring and firing

employees and are individually responsible for unpaid wages under Federal and New York Law and otherwise.

13.     Individual Defendants are charged with payment of wages to Plaintiff and other similarly situated as a matter of law.

## JURISDICTION AND VENUE

14.     The Court has personal jurisdiction over Corporate Defendants in that Corporate Defendants are domiciled and incorporated in the State of New York, are authorized to do business in the State of New York, and regularly conduct business in New York. Corporate Defendant QUALITY INSTALLATIONS maintains an office in New York, Kings County and Corporate Defendant EAST COAST FURNITURE maintains an office in New York, Queens County and both conduct their activities from New York State and within this District.

15.     The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly conduct business in New York, maintain an office in New York and conduct their activities from New York State and within this District.

16.     Defendants regularly transact a substantial amount of business and have substantial contacts in New York.

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 207 (FLSA) and 28 U.S.C. § 1337 (Regulation of Commerce).

18.     This Court has jurisdiction over Plaintiff's state law claims pursuant to U.S.C § 1367 because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

19.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiff's claims occurred in this District, and Defendants are domiciled and are residents of this District.

## JURY DEMAND

20.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

21.     Defendant QUALITY INSTALLATIONS OF NY, INC. is an installation/delivery company providing a wide range of services from furniture installation/delivery to warehousing and various construction works as well as providing services to both furniture dealers and diverse individual companies throughout the United States.

22.     Defendant EAST COAST FURNITURE CORP. is company providing a wide range of furniture and provides services such as installation and delivery to furniture dealers and companies throughout the United States.

23.     Plaintiffs were employed as furniture installation and delivery workers by Defendants.

24.     Corporate Defendants are employers subject to the FLSA, as Corporate Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendants employ workers who provide various services inside and outside of New York and have moved in interstate and/or international commerce.

25.     Upon information and belief, Corporate Defendants employ over 100 employees and during Plaintiffs' tenure, more than 100 persons worked for Corporate Defendants.

26.     At all relevant times herein, Corporate Defendants operated as an integrated enterprise. Plaintiff and similarly situated employees work interchangeably among each Corporate Defendant's work projects, and Plaintiff and similarly situated employees were subject to the same pay practice.

27.     Plaintiff, throughout his employment with Corporate Defendants, was compensated with wages by check.

28.     Plaintiff was never asked by Defendants to track his working hours.

29.     Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

30.     BERNARD DUBLANSKI was employed by Corporate Defendant from February 2016 through May 2018, and at all times was paid straight time regardless of all overtime hours worked. Plaintiff was paid $18.00 per hour in 2016 for all hours worked, $20.00 per hour in 2017 for all hours worked and $22.00 per hour in 2018 for all hours worked.

31.     Throughout his employment with Defendants, Plaintiff was also never paid all hours worked.

32.     Plaintiff was also never paid for time spent waiting to be engaged and traveling to the work site.

33.     Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

34.     Despite consistently working in excess of 40 hours per week, Plaintiff (and others similarly situated) was never paid the proper overtime rate according to law of one-and-half times the regular hourly rate for hours in excess of 40 per week.

35.     On average, Plaintiff worked in excess of 40 hours per week.

36.     On average, Plaintiff worked 70 hours and 6 days per week.  Plaintiff generally worked starting at 6:00 AM through 8:00 PM.

37.     Despite the number of hours worked, Plaintiff and others similarly situated were paid a straight time rate, but never at the proper overtime rate according to law.

38.     Plaintiff was paid less than the proper overtime rate of pay according to law.

39.     Plaintiff was to receive prevailing (union) level wages for certain projects, including in particular: Woodhull Hospital in Brooklyn, NY, Verizon (utility) and various public-school project worksites.

40.     Plaintiff did not receive such wages on any of these projects.

41.     Defendants never paid Plaintiff prevailing (union) level wages for any hours worked at any of the worksites.

42.     By way of an example only, in a typical week, Plaintiff worked 70 hours but was paid an overtime rate of $22.00 per hour. Plaintiff should have been paid an overtime rate of $33.00 per each hour worked in excess of 40 hours. He was not. Moreover, Plaintiff was not paid for travel time to and from the worksite.

43.     Upon information and belief, other similarly situated employees were also underpaid and were not paid the proper time and a half for overtime according to law.

44.     This failure to pay was motivated by an intention to underpay Plaintiff and others similarly situated.

45.     Defendants failed to display legally required job site notices concerning state and labor laws.

46.     Defendants failed to provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

47.     Defendants failed and never tracked Plaintiff's and similarly situated employees' hours worked for any given day of a week during which the employee was employed.

48.     Plaintiff lived under constant fear of termination should he speak up to Defendants concerning non-payment of regular and overtime wages.

49.     Upon information and belief, other similarly situated employees were treated the same way as Plaintiff.

**Defendants' Conduct was and is Willful and Ongoing**

50.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

51.     Defendants knowingly failed to pay Plaintiff and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve proper payroll records. Defendants willfully and intentionally created and operated an unlawful pay scheme.

52.     As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

53.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

54.     Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating to the Defendants as Employer**

55.     At all relevant times herein, Corporate Defendants were and are controlled by Individual Defendants.

56.     At all relevant times herein, Individual Defendants acted for and on behalf of Corporate Defendants, with the power and authority vested in them as owners, officers and agents

of Corporate Defendants, and acted in the course and scope of their duty and function as agents and officers of Corporate Defendants.

57.     At all relevant times herein, Individual Defendants directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and/or signing or issuing checks and/or cash payroll payments to Plaintiff -- or directing payroll through other agents -- and others similarly situated.

58.     Individual Defendants had control over the conditions of employment of Plaintiff and others similarly situated, including hiring and firing, work schedules, the rates and methods of payments of wages, and the maintenance of employment records.

59.     At all relevant times herein, Individual Defendants had operational control over Corporate Defendants.

60.     Corporate Defendants and Individual Defendants are joint employers of Plaintiff and others similarly situated; and, as a result, all such Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing the Corporate Veil**

61.     Upon information and belief, in conducting the affairs of Corporate Defendant QUALITY INSTALLATIONS, ANTONI PERCICKI failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

62.     Upon information and belief, ANTONI PERCICKI used the assets of Corporate Defendant QUALITY INSTALLATIONS as his own, and otherwise commingled personal assets with the assets of Corporate Defendant QUALITY INSTALLATIONS.

63.     As alleged herein, ANTONI PERCICKI used Corporate Defendant QUALITY INSTALLATIONS in order to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

64.    Upon information and belief, Corporate Defendant QUALITY INSTALLATIONS was used to commit employment violations against Plaintiff and others similarly situated.

65.    Corporate Defendant QUALITY INSTALLATIONS is the alter-ego of ANTONI PERCICKI and as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, and Corporate Defendant QUALITY INSTALLATIONS has no separate legal existence from ANTONI PERCICKI. As such, Corporate Defendant QUALITY INSTALLATIONS and ANTONI PERCICKI individually and collectively, and jointly and severally, are liable for all claims made herein.

66.    Upon information and belief, in conducting the affairs of Corporate Defendant EAST COAST FURNITURE, ARISTIDIS ZAHAROPOULOS failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

67.    Upon information and belief, ARISTIDIS ZAHAROPOULOS used the assets of Corporate Defendant EAST COAST FURNITURE as his own, and otherwise commingled personal assets with the assets of Corporate Defendant QUALITY INSTALLATIONS.

68.    As alleged herein, ARISTIDIS ZAHAROPOULOS used Corporate Defendant EAST COAST FURNITURE in order to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

69.    Upon information and belief, Corporate Defendant EAST COAST FURNITURE was used to commit employment violations against Plaintiff and others similarly situated.

70.    Corporate Defendant EAST COAST FURNITURE is the alter-ego of ARISTIDIS ZAHAROPOULOS and as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, and Corporate Defendant EAST COAST FURNITURE has no separate legal existence from ARISTIDIS ZAHAROPOULOS. As such,

Corporate Defendant EAST COAST FURNITURE and ARISTIDIS ZAHAROPOULOS individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

71.    Plaintiff brings this action on behalf of himself and all others current and former employees of Corporate Defendants who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

72.    Upon information and belief, this class of persons consists of not less than one hundred (100) persons.

73.    There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Corporate Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

74.    Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiff and others proper overtime wages and regular wages under the FLSA and NYLL.

75.    Plaintiff brings the FLSA and NYLL claims for relief herein individually and all others similarly situated as a collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

76.    Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and NYLL and New York common law with respect to their work for Defendants.

77.    Upon information and belief, this class of persons consists of not less than one hundred (100) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

78.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL and New York common law. Only the amount of individual damages sustained by each class member will vary.

79.    The claims of Plaintiff are typical of the claims of the above-described class in that the acts and practices of the Defendants have similarly affected all of the members of the class.

80.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

81.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Rule 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP").

82.    Plaintiff brings the first, second, and third claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the FRCP in respect to all claims that Plaintiff, and all others similarly situated, have against the Defendants as a result of Defendants' violation of the FLSA, NYLL, and New York common law.

### First Claim for Relief
### Breach of Contract

83.    Plaintiff repeats and re-alleges each and every previous allegation as if fully set forth herein.

84.     Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for wages.

85.     Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of their employment agreement with Defendants and were therefore entitled to the wages they earned while working for Defendants.

86.     Defendants failed or refused to pay Plaintiff and others similarly situated all of their wages to which they were entitled under their employment agreement.

87.     Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which he was entitled under his employment agreement constituted a breach of such employment agreement.

88.     Moreover, Plaintiff entered into a binding contract with the Defendants where the Corporate Defendants were to pay all expenses of Plaintiff incurred during the employment with Defendants.  As result of this, Plaintiff suffered damages.

89.     By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by his employment agreement, less amounts he actually was paid, together with interests, costs, disbursements, and attorneys' fees.

<u>**Second Claim for Relief – Unpaid Wages and Overtime**</u>
<u>**New York Minimum Wage Act NYLL § 650 et Seq.**</u>

90.     Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

91.     At all times relevant to this action, Plaintiff, and all others similarly situated, were employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

92.     Pursuant to the NYLL, Plaintiff, and all others similarly situated, were entitled to payment of wages which Defendants intentionally failed to pay in violation of such laws.

93.     Defendants failed to appraise Plaintiff, and all others similarly situated, of their rights under New York Labor Law.

94.     Defendants failed to furnish Plaintiff, and all others similarly situated, with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

95.     Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

96.     Pursuant to these labor law violations, Plaintiff, and all others similarly situated, are entitled to recover from Defendants their unpaid wages reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

97.     Plaintiff, and all others similarly situated, are also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

98.     Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, are entitled to recover from Defendants, their unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

99.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

## Third Claim for Relief – Unpaid Wages and Overtime
## Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

100.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

101.    Plaintiff, and all others similarly situated, were, for all times relevant to this Complaint, employed by Defendants.

102.    At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207 (a).

103.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated wages due in violation of 29 U.S.C. § 207.

104.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, minimum wages.

105.    At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper wage payments.

106.    As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

107.    Defendants failed to make, keep and preserve records with respect to Plaintiff and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

108.    Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

109.    As result of the Defendants' failure to properly credit, record, report and/ or compensate Plaintiff, and all others similarly situated, Defendants have failed to make, keep and preserve records with respect to each of their employees, including Plaintiff, and all others similarly situated, sufficient to determine the wages, and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

110.    Defendants have failed to properly disclose or appraise Plaintiff, and all others similarly situated, of their rights under the FLSA.

111.    As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, are entitled to liquidated damages pursuant to the FLSA.

112.    Plaintiff, and all others similarly situated, are entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

113.    Plaintiff, and all others similarly situated, seek a judgment for unpaid wages, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

114.    Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, are entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

115.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fourth Claim for Relief
### Quantum Meruit

116.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

117.    Plaintiff, and all others similarly situated, performed work and services for Defendants.

118.    Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours they worked for the Defendants.

119.    Defendants failed to remunerate Plaintiff for all of his hours worked.

120.    Plaintiff, and all others similarly situated, are entitled to be paid for a reasonable value for their services, less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

121.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fifth Claim for Relief
### Declaratory Judgment

122.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

123.    Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1)    As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract.

(2)    As to the Second Claim for relief, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulation thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3)    As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, including overtime wages plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4)    As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5)    As to the Third Claim for Relief, award Plaintiff his unpaid wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6)    As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of his labor.

(7)    As to the Fifth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(8)    Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE

clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(9)    If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(10)    Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(11)    Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law And Rules § 5003;

(12)    Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(13)    Award Plaintiff all other relief requested in this Complaint;

(14)    Award Plaintiff other, further and different relief as the Court deems just and proper; and

(15)    An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 13, 2020
      Brooklyn, New York

Respectfully submitted,

**MARZEC LAW FIRM, PC**

By:    */s/ Darius A. Marzec*
        Darius A. Marzec, Esq.
        Attorneys for Plaintiff
        BERNARD DUBLANSKI and
        *COLLECTIVELY FOR ALL OTHER*
        *FORMER AND CURRENT EMPLOYEES*
        776A Manhattan Avenue, Suite 104
        Brooklyn, New York 11222
        (718) 609-0303
        dmarzec@marzeclaw.com